Horne Oil Company v. Commissioner.
Horne Oil Co. v. Commissioner
Docket No. 10286.
United States Tax Court
1947 Tax Ct. Memo LEXIS 284; 6 T.C.M. (CCH) 233; T.C.M. (RIA) 47052; March 4, 1947
*284 Rice M. Tilley, Esq., 1404 Commercial Standard Bldg., Fort Worth, Tex., for the petitioner. Allen T. Akin, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax, declared value excess profits tax, and excess profits tax for taxable periods and in amounts as follows: Income Tax
Year
Deficiency
1942
$2,255.18
January 1, 1943 to June 30, 1943
821.98
Declared Value Excess Profits
Tax
1942
$ 897.56
January 1, 1943 to June 30, 1943
713.66
Excess Profits Tax
January 1, 1943 to June 30, 1943
$1,110.85
The questions presented for consideration are: (a) Whether the petitioner had taxable income by reason of certain dividends in kind to its stockholders; and (2) whether claimed depreciation was properly disallowed by the Commissioner. All facts were stipulated, and we adopt by reference such stipulation and find the facts to be as therein set forth. They may be summarized as follows: The petitioner is a corporation organized about June 25, 1932, under the law of Texas. On December 9, 1942, its board of directors in meeting held pursuant to law and corporate by-laws resolved "that a dividend *285 be declared in property of the value of $8684.00 being described as follows: 1/16 of 8/8 Overriding Royalty on all oil, gas and other minerals produced from * * * [certain property described in the resolution]. ALSO a dividend in cash in the amount of $6.50. THE ABOVE DIVIDEND IN property and cash shall be paid to Stockholders of record December 16th, 1942 payable December 30th, 1942." The property described in the resolution cost the petitioner $424.06, all of which cost had, prior to 1942, been recovered through depletion deductions. Again, on June 15, 1943, the petitioner's board of directors, in the same manner as on December 9, 1942, and by resolution in the same form, except as to amounts and dates and description of property, resolved to declare a dividend in property of the value of $4,342, being described as 1/32 of 8/8 overriding royalty as to certain described real estate; also a dividend of $3.25 in cash, the dividend in property and cash being payable on June 30, 1943, to stockholders of record June 30, 1943. The property described had in 1943 a basis of zero. The assets described in the two resolutions were transferred by assignment, and delivered, prior to the end *286 of the respective years. The properties were assets held, acquired and dealt in by the petitioner, pursuant to the purpose clause in its charter and its rights under Texas law, such purpose clause reading: * * * To establish and maintain an oil business with authority to contract for the lease and purchase of the right to prospect for, develop, and use coal and other minerals, petroleum and gas; also the right to erect, build and own all the necessary oil tanks, cars and pipes necessary for the operation of the business of the same. The petitioner took as a deduction on its returns, depreciation as follows: for 1942 in the amount of $2,336.87, and for the six months period ending June 30, 1943, $1,237.61. Computation was on a straight-line basis of 10 per cent. The major part of the property had been acquired in 1933 and 1937. The Commissioner allowed $1,048.12 for 1942, and $479.41 for the period ending June 30, 1943. The first question here is whether the petitioner realized income by distribution of a dividend in kind in property, the bases of which had been recovered. The respondent recognizes that previous decisions, such as ; *287 , hold that such distributions do not cause taxable income; but he simply urges that such cases have not been acquisced in and should not be followed. He does not argue that the setting of a value on the property, in the resolutions, offers any distinction from the decided cases, and we do not consider it to do so. It appears unnecessary to dwell upon the question. We see no reason for a change of view, and hold that the Commissioner erred in determining gain from the distribution in property. ; ; affd., ; . With reference to the assignment of error as to depreciation, we find no evidence to indicate error on the part of the Commissioner. The burden is on the petitioner to show such error. . Here the facts merely show the amounts claimed on a straight-line basis, dates of acquisition, and the amounts allowed and disallowed. Obviously, this in no *288 demonstration of error. No error is found in that respect. Decision will be entered under Rule 50.